# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * *

**E-SCRUB ENVIRONMENTAL ENTERPRISES, INC., et al**

Plaintiff,

v.

**THE UNITED STATES**,

Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * *

No. 03-1172 C

(Filed: October 8, 2003)

## ORDER

Subject case was transferred to the U.S. Court of Federal Claims ("COFC") from the U.S. District Court for the District of Columbia on May 9, 2003. Pursuant to RCFC 3.1, plaintiff was required to file its complaint in this court on or before June 9, 2003. At the time of said transfer, plaintiff's counsel, Mr. Charles M. James III, was not admitted to practice before this court. The COFC Clerk's Office sent the appropriate admission papers (*see* RCFC 83.1) to Mr. James timely on or about May 9, 2003.

Since a complaint has not been "filed" in this court as of the date of this order, defendant United States was not required to, and thus did not, file a notice of appearance. On July 10, 2003, one month after the complaint was due to be filed, this court issued an order to show cause why the case should not be dismissed for failure to prosecute, inasmuch as by said date, (i) plaintiff's counsel had not completed his application for admission to this court, and (ii) there had been no complaint filed in the matter. This court's July 10, 2003 order to show cause required a response by July 25, 2003. Plaintiff has failed as of this date to respond to this order.

On August 25, 2003, one month after plaintiff was ordered to show cause, and upon receiving no responsive answer from plaintiff, this court ordered dismissal of the subject case, with prejudice, for failure to prosecute and failure to comply with this court's rules and orders, pursuant to RCFC 41(b) (involuntary dismissal). Judgment was entered by the Clerk of the Court on August 29, 2003.

On September 4, 2003, a Motion to Reconsider this court's August 25, 2003 order was filed by counsel other than Mr. James, to wit, a Mr. Thomas F. De Caro, Jr. Therein, Mr. De Caro claims that the court's July 10, 2003 show cause order did not reach Mr. James, although Mr. James admittedly received the court's August 25, 2003 dismissal order and several other prior notices from the Clerk's Office. As of the time of the filing of Mr. De Caro's Motion to Reconsider, Mr. James' application for admission to practice before this court was still outstanding and incomplete.

Motions for reconsideration are governed by RCFC 59, and are granted not as a matter of right, but at the sole discretion of the court. See Yuba Natural Resources, Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990); see also Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000). Movants seeking reconsideration must support the motion with a showing of *extraordinary* circumstances in order to prevail. Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. at 300 (citing Bally Exp. Corp. v. Balicar, Ltd., 804 F.2d 398, 400 (7th Cir. 1986)).

The showing of extraordinary circumstances that justify reconsideration by the court may be accomplished in one of three ways: (1) citing an intervening change in the relevant law, (2) adducing previously unavailable evidence, or (3) establishing that manifest injustice will result if the order is not modified. Id. at 301; see Bishop v. United States, 1992 U.S. Cl. Ct. LEXIS 322 (1992). It is clear that the relevant law has not changed since the issuance of the August 25, 2003 order for dismissal. In addition, for reasons to follow, the court finds that the scant evidence proffered by counsel is unpersuasive that the dismissal works a manifest injustice in light of the totality of the circumstances.

First, plaintiff produced little, if any, probative evidence in support of the instant motion. In that connection, plaintiff posits only that Mr. James had no knowledge of the July 10, 2003 order to show cause, and that such lack of knowledge, ipso facto, requires reconsideration. This argument is not compelling, especially as the only evidence of Mr. James' alleged ignorance of the order is his own affidavit, which is somewhat tainted due to its self-serving nature. In contrast, the Clerk's Office assures the court that a courtesy copy of all court orders was mailed to Mr. James in the normal course of business; no exception was taken to the fact that Mr. James was not a member of the bar of this court. See the attached affidavit of Lisa L. DeFade, Acting Chief Deputy Clerk of Operations. Moreover, a "presumption of regularity supports the official acts of public officers... in the absence of clear evidence to the contrary." United States v. Chem. Found., 272 U.S. 1, 14-15 (1926); see Schmidt v. IRS, 717 F. Supp. 763 (D. Kan. 1989) (citing United States v. Ahrens, 530 F.2d 781, 785 (8th Cir. 1976)). This prima facie presumption attaches both to the Clerk's acts in mailing the order, and the U.S. Postal Service's acts in effecting delivery. Viewing the facts together, therefore, plaintiff has failed to adduce clear

evidence to overcome the presumption of mailing, receipt, and, consequently, prima facie notice.

Regardless, actual notice of the July 10, 2003 show cause order, or lack thereof, is an inadequate basis for reconsideration under these facts. Assuming *arguendo* that Mr. James did not have actual notice of the July 10, 2003 order, there is no dispute that Mr. James was aware that (i) the case had been transferred to this court on May 9, 2003, (ii) pursuant to RCFC 3.1, a complaint had to be filed within thirty (30) days of the date of transfer, to wit, June 9, 2003, (iii) he was not a member of the bar of this court during the operative periods, a prerequisite for filing a complaint, (iv) this court's Rule 41(b) provides for involuntary dismissal for either failure to prosecute or failure to comply with court rules, per notice of May 9, 2003, and (v) he had neither completed his application for admission to this court, nor "filed" the complaint in this court within 30, 60, or even 90 days after the May 9, 2003 transfer date. Thus, even absent receipt of *actual* knowledge of the order to show cause, Mr. James was aware that he was in violation of the rules of the court for a period in excess of 60 days, and as such, he had, at a minimum, *constructive* knowledge that the action was subject to dismissal with prejudice. Cf. Jurado v. Burt, 337 F.3d 638 (6th Cir. 2003) (constructive knowledge of filing deadlines imposed on all plaintiffs via statutes of limitations and bars equitable tolling); Winkler v. Andrus, 614 F.2d 707 (10th Cir. 1980) (assignee has constructive knowledge of adverse claims if he fails to exercise the ordinary care and diligence of a reasonably prudent assignee). Consequently, it was incumbent upon Mr. James to keep in close contact with the Clerk's Office to monitor the effects of plaintiff's rule violations on the status of the case. Such diligence would have revealed the existence of the July 10, 2003 order, even without service by mail of that order. Hence, irrespective of actual notice of the July 10, 2003 order to show cause, plaintiff's neglect in following the rules of this court provides an adequate basis for dismissal.

Finally, this court finds that dismissal with prejudice, on the facts at bar, will not work a manifest injustice on the plaintiff. The knowing and voluntary inaction of Mr. James is properly imputed to his client. See Link v. Wabash, 370 U.S. 626, 633-34 (1962) (citing Smith v. Ayer, 101 U.S. 320, 326 (1879)). The plaintiff "voluntarily chose this attorney in this action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." Id. at 633-34. This is consistent with our judicial system, in which each party is charged with the knowledge of his lawyer-agent. Id. (citing Smith v. Ayer, 101 U.S. at 326). Thus, the ongoing violations of the rules of this court and the failure to comply with the July 10, 2003 order to show cause must be deemed as known by the plaintiff, along with the consequences for such known failings. While plaintiff's situation may be unfortunate, it does not necessarily follow that plaintiff was dealt a manifest injustice.

Therefore, based upon all of the foregoing, plaintiff's September 4, 2003 Motion to Reconsider is hereby DENIED.

**IT IS SO ORDERED**.

s/ *Reginald W. Gibson*

Reginald W. Gibson, Senior Judge

**AFFIDAVIT**

My name is Lisa Leigh DeFade and I have held the position of Acting Chief Deputy Clerk of Operations since August 6, 2003. At the request of Senior Judge Reginald W. Gibson I have interviewed the employees of the clerk's office who are responsible for answering inquiries concerning electronic case filing and admissions to the bar of the U.S. Court of Federal Claims. Those employees are Harold Wymbs, Senior Docket Specialist, Debbie Samler, Senior Docket Specialist, Joseph Taylor, Case Administrator, Beverly Eason, Docket Clerk, Deborah Heyward, Technology Specialist (CM-ECF Help Desk Coordinator), and Addison Berry, Database Administrator. These employees are primarily responsible for document filing and distribution in cases designated as ECF (electronic case filings). Mr. Wymbs is specifically responsible for the administration of records of admissions to the bar of the United States Court of Federal Claims. Specifically, I have asked all of the employees listed above if they recalled being present in a meeting on August 27, 2003 with C.M. James, III, regarding case 03-1172 E-Scrub Environmental Enterprises, Inc. After discussing the matter of the motion for reconsideration in the above case, each of the above employees advised me that they have no knowledge of ever meeting with Mr. James. Further, upon checking the CM-ECF help desk database log, there is no record of Mr. James ever contacting the CM-ECF help desk. The standard clerk's office procedure is to send paper courtesy copies of all orders, during the first thirty days after a case is filed, to all parties who are not being served electronically. In this case, I was informed by Ms. Berry that the final orders were also sent out in the conventional paper form to the parties as a courtesy. Further, I have never met with Mr. James, nor have I ever knowingly communicated with him by telephone.

s/ Lisa L. DeFade
Lisa L. DeFade
Acting Chief Deputy Clerk of Operations

Dated: 10/08/2003

STATE OF/ District of
COUNTY OF/ Columbia

Sworn to and subscribed before me the 8th day of October, 2003, by

s/ Victoria C. Kim
______________________________
Signature and Seal of Notary Public
[SEAL PLACED HERE]

Victoria C. Kim
Notary Public - District of Columbia
My Commission Expires Sept. 30, 2006